# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

July 16, 2025

Lyle W. Cayce
Clerk

No. 24-40666
Summary Calendar

_____

United States of America,

*Plaintiff—Appellee*,

*versus*

Nosoregbe Asemota,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:21-CR-253-17

_____

Before Barksdale, Stewart, and Ramirez, *Circuit Judges*.

Per Curiam:[*]

Nosoregbe Asemota pleaded guilty, pursuant to a plea agreement, to aiding and abetting wire fraud, in violation of 18 U.S.C. §§ 1343 and 2. The district court sentenced him to, *inter alia*, 60-months' imprisonment, and ordered him to pay $40,000 in restitution. He contends the court erred by:

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

accepting his guilty plea without a sufficient factual basis; and ordering him to pay restitution.

Although Asemota's plea agreement contained an appeal waiver, it does not bar the particular challenges he now raises. *E.g.*, *United States v. Hildenbrand*, 527 F.3d 466, 474 (5th Cir. 2008) (defendant who has validly waived right to appeal may nevertheless challenge factual basis underlying guilty plea); *United States v. Leal*, 933 F.3d 426, 428, 430–31 (5th Cir. 2019) (where defendant reserves right to appeal sentence "exceeding the maximum statutory punishment", as is the case here, he also reserves right to challenge restitution order) (quote on 430)). (Asemota maintains our court should not enforce his appeal waiver because doing so would result in a miscarriage of justice. For the reasons provided *supra*, we need not address this issue. Moreover, the Government concedes the waiver does not bar the appeal concerning the factual-basis issue.)

On the other hand, Asemota did not preserve his two challenges on appeal in district court (as he also concedes). Because he did not do so, our review is only for plain error. *E.g.*, *United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012); *United States v. Trejo*, 610 F.3d 308, 313 (5th Cir. 2010). (Asemota concedes plain-error review applies to the guilty-plea issue and raises it only to preserve this standard-of-review question for possible further review.)

Under that standard, he must show a plain error (clear-or-obvious error, rather than one subject to reasonable dispute) that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes that showing, we have the discretion to correct the reversible plain error, but generally should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings". *Id.* (citation omitted).

No. 24-40666

Regarding his factual-basis challenge, Asemota contends his guilty plea is invalid because there is insufficient evidence to show that the wire communication crossed state lines. "In assessing factual sufficiency under the plain error standard, we may look beyond those facts admitted by the defendant during the plea colloquy and scan the entire record for facts supporting his conviction." *United States v. Ortiz*, 927 F.3d 868, 872–73 (5th Cir. 2019) (citation omitted). Such supporting facts may include "the factual findings relied upon in the presentence investigation report ('PSR'), as well as fairly drawn inferences from the evidence presented both post-plea and at the sentencing hearing". *Trejo*, 610 F.3d at 317 (citation omitted).

Along that line, the factual basis of Asemota's plea agreement states, *inter alia*, that he "aided and abetted in the transmission of wire communications, in interstate commerce". At the change of plea hearing, he admitted to the contents of the factual basis. Accordingly, Asemota has not shown the requisite clear-or-obvious error with respect to the district court's accepting the sufficiency of the factual basis supporting his guilty plea. *E.g.*, *Sealed Appellee v. Sealed Appellant*, 829 F. App'x 41, 42 (5th Cir. 2020) (finding no clear-or-obvious error because factual basis stated that emails sent in furtherance of fraud scheme "traveled in interstate commerce"). (Unpublished decisions issued in or after 1996 "are not precedent" except in limited circumstances, 5TH CIR. R. 47.5.4, but "may be persuasive authority", *Ballard v. Burton*, 444 F.3d 391, 401 n.7 (5th Cir. 2006).)

Turning to Asemota's other challenge (to the restitution order) he contends there was insufficient evidence to prove the amount of the restitution award. The PSR showed that the victim to whom Asemota was ordered to pay restitution was defrauded in the amount of $105,000—$40,000 of which was transferred by wire to an account controlled by Asemota. The court was free to adopt these findings without further inquiry unless Asemota met his burden of showing, by competent rebuttal evidence,

3

No. 24-40666

that the information was materially untrue, inaccurate, or unreliable. *E.g.*, *United States v. Ford*, 558 F.3d 371, 376–77 (5th Cir. 2009). Asemota did not challenge these facts at sentencing. Accordingly, he has not shown the requisite clear-or-obvious error in the court's adopting the factual findings in the PSR and awarding the victim $40,000 in restitution. *E.g.*, *Puckett*, 556 U.S. at 135.

AFFIRMED.